UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EVERT CARVAJAL and all others similarly )
situated under 29 U.S.C. 216(b), )
        Plaintiff, ) CASE NO: 22-20222-JEM
)
vs. )
)
)
SUNTECH DEVELOPMENT, INC. and )
LUIS LEON, )
        Defendants. )
_____ )

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, EVERT CARVAJAL ("Plaintiff"), and Defendants, SUNTECH DEVELOPMENT, INC. and LUIS LEON ("Defendants"), (collectively the "Parties") by and through their undersigned counsel, jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement" or the "Settlement Agreement") and entry of an order of dismissal with prejudice. A copy of the Parties' executed settlement agreement (the "Agreement") is attached hereto as Exhibit "A".

A. **Factual Background**

1. On October 27, 2021, Plaintiff commenced an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking damages for unpaid overtime wage violations against Defendants for purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. On January 18, 2022, the lawsuit was subsequently removed to the U.S. District Court for the Southern District of Florida.

3. In Plaintiff's Complaint (D.E. 1-1), Plaintiff alleges he was formerly employed by Defendants as a construction worker/remodeler from on or about July 6, 2017 through to on or about October 1, 2021, wherein he claims to have worked approximately 1,406 overtime hours for the three (3) years preceding from the filing of the Complaint.

4. Defendants dispute Plaintiff's claims under the FLSA, asserting, *inter alia*, that Plaintiff was not an employee of Defendants for a large portion of the relevant time period, that Plaintiff did not work the hours he is claiming and when he did work overtime, he was properly paid. Defendants claimed that the Defendant Corporation was not involved in interstate commerce and did not have gross sales in excess of $500,000.00 for the years 2020 and 2021.

5. After extensive settlement discussions, the Parties agreed to the settlement terms as memorialized herein and in Exhibit "A".

6. Litigation transpired herein. Plaintiff's counsel took the deposition of the Defendants. Defendants took Plaintiff's deposition. Written discovery was done and exchanged between the Parties, including the production of documents of Defendants of over 2,700 pages. Counsel for Plaintiff reviewed in detail all documents produced as they were relevant to the Defenses raised. The Parties respectfully request that the Court use its own expertise and determine that the settlement is reasonable.

7. Recently, the parties engaged in lengthy settlement negotiations and after review of all of the relevant documentation provided by each party and the risks involved for both parties. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the attached Settlement Agreement which involves a mutual release of claims by both sides.

B. **Legal Principles**

In the Eleventh Circuit, in order to ensure that the defendant is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

C. **Terms of Settlement**

During the settlement discussions, the Parties considered the risks and expense of continued litigation on the claims at issue, including the possibility of recovery of liquidated damages and attorney's fees under the FLSA. Given the Parties' respective positions on the material issues, the Parties agree that they would incur greater expenses by furthering the litigation. This is especially true considering that Defendants' claim that Plaintiff is not entitled to any of the relief sought in the litigation. Given the amount in controversy, the Parties' respective positions on the issues at the heart of the litigation, and the possibility of the Plaintiff recovering nothing, the Parties agree that the amount paid to Plaintiff is a fair compromise. As a result, the settlement is fair and equitable under the teachings of *Lynn's Food Stores* for Plaintiff's unpaid overtime wage claims. *See Hamilton v. Frito-Lay, Inc.*, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007) (When considering whether to approve a settlement under the FLSA, the Court should keep in mind the

"strong presumption" in favor of finding a settlement fair).

A mutual general release of all claims was specifically bargained for during the settlement process, which provided an additional benefit to the Parties apart from the settlement of alleged overtime wages and liquidated damages associated with same, is in the best interests of all Parties to this matter.

Here, the Parties' Settlement Agreement is fair and reasonable because it involves highly disputed claims, and because it was reached after the Parties exchanged extensive documents and information bearing on the Plaintiff's claims, after the Parties received legal advice from their counsel who analyzed the legal and factual issues involved in the case, and after the Parties engaged in discovery. The settlement reached by the Parties avoids the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post trial matters (i.e. appeal, etc.).

### D. Conclusion

The Parties jointly request that this Court approve the Parties' settlement and request that the Court dismiss this action with prejudice, reserving jurisdiction to enforce the terms of the settlement.

Respectfully submitted on this 7th day of September 2022,

| | |
|---|---|
| J.H. ZIDELL, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br><br>By:/s/ *Jamie H. Zidell*<br>J.H. Zidell, Esq.<br>Fla. Bar No. 0010121<br>Email: Zabogado@aol.com | DMRA LAW, LLC<br>Sabadell Financial Center<br>1111 Brickell Avenue, Suite 1550<br>Miami, Florida 33131<br>Tel. 305-548-8666<br><br>By: /s/ *Manuel Franco*<br>Manuel Franco, Esq.<br>Fla. Bar No. 126443<br>Email: Manuel.Franco@DMRALaw.com |